# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICIA A. GOULART,
           Appellant,

                 v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
SF-0353-13-4838-I-1

DATE: September 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Gerald Cohen</u>, Santa Monica, California, for the appellant.

<u>Denise M. Alter</u>, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal alleging that the agency failed to restore her following her partial recovery from a compensable injury action. Initial Appeal File (IAF), Tab 1. The administrative judge dismissed the appeal as untimely filed. Initial Decision (ID) at 1. Specifically, in January 2013, the appellant, who has not worked since 2010, submitted on three separate occasions medical documentation to the agency. The agency conducted a search for work but found none for her. On May 2, 2013, the agency notified the appellant in writing that there was no work available for her and the letter advised her that she could file an appeal with the Board within 30 days of the May 2, 2013 letter. IAF, Tab 6 at 67. In response to additional documentation submitted by the appellant, the agency conducted another work search and again found no available work within her medical restrictions. On July 31, 2013, the agency sent the appellant another letter advising her that another work search had been performed and that no available work had been found. The letter also advised the appellant of her Board appeal rights from the July 31, 2013 letter and notified her of the 30-calendar day deadline for filing a Board appeal. *Id.* at 9. The deadline for filing a Board

appeal of the July 31st letter was August 30, 2013. The appellant filed her appeal on September 9, 2013. IAF, Tab 1.

¶3     It is undisputed that the appellant filed her appeal 40 days after the effective date of the agency's July 31, 2013 letter denying her request to be restored following her partial recovery from a compensable injury. *See id.* Thus, the appellant's appeal was untimely filed and the issue is whether she has shown that she exercised due diligence or ordinary prudence under the particular circumstances of this case.

¶4     On appeal, the appellant argued that she was not bound by the deadlines in the letters because she did not receive a "formal agency decision." IAF, Tab 7. She asserted that she filed an equal employment opportunity (EEO) complaint on May 2, 2013, and that a redress-mediation was held on August 9, 2013, which failed to allow her to return to work. *Id*. She also asserted that she timely filed her appeal based on the date of the unsuccessful August 9, 2013 EEO mediation. *Id.* However, the administrative judge found that the July 31, 2013 letter notified the appellant of her Board appeal rights including the 30-day filing deadline. ID at 4. The administrative judge found further that the unsuccessful August 9, 2013 EEO mediation is unrelated to her Board appeal, and that the record contains no indication that the appellant ever filed a formal EEO complaint. ID at 2-3. Thus, the administrative judge dismissed the appeal as untimely, finding that waiting on the outcome in another forum, or pursuing other avenues of redress, do not constitute good cause for the untimely filing of an appeal. ID at 4.

¶5     On review, the appellant argues that the agency's July 31, 2013 letter did not constitute a final agency decision, and thus she should not be required to meet the 30-day filing deadline based on that letter. Petition for Review (PFR) File, Tab 1. She asserts that she has received seven similar letters in the past few years and that each time she declined the option to file an appeal with the Board knowing that another work search would be performed within a few months. The appellant also asserts that she should not be held to filing within 30 days from the

July 31, 2013 letter because she was hoping to resolve the matter during the August 9, 2013 EEO mediation.  *Id*.

¶6        The Board's regulations provide that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  The regulations further provide that, if a party does not submit an appeal within the applicable time limit, it will be dismissed as untimely filed unless a good reason for the delay is shown.  5 C.F.R. § 1201.22(c); *Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 8 (2007).  To establish good cause for an untimely appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        Here, the record reflects that the agency's decision letter properly informed the appellant, who is represented, of her right to appeal to the Board, and it specified that any appeal with the Board had to be filed "within thirty (30) calendar days from the receipt of this letter."  IAF, Tab 6, at 9.  The appellant does not dispute that she timely received a copy of the agency's decision letter.  *See* IAF, Tabs 4, 7; PFR File, Tabs 1, 6.  Nor has she argued that she was unaware of the deadline to file a Board appeal.  *See* IAF, Tabs 4, 7; PFR File, Tabs 1, 6.  Rather, she asserts that "there was no reason to file an MSPB appeal using 7/31/13 when all hopes were to resolve the issue at the 8/9/13 mediation."

PFR File, Tab 1 at 3 (emphasis in original). The record indicates that the appellant's failure to file a timely Board appeal was a result of her own lack of due diligence in preserving her appeal rights before the Board.

¶8      As the administrative judge correctly found, the EEO "Redress Mediation Conference" was unrelated to the agency's July 31, 2013 letter denying her restoration request. Rather, the August 9, 2013 mediation was scheduled in an attempt to resolve an EEO complaint she had filed prior to her receipt of the agency's July 31, 2013 letter. IAF, Tab 4, Exhibit 4. While the appellant had hoped to resolve all restoration issues in the August 9, 2013 EEO mediation, including those that were raised in the agency's July 13, 2013 denial letter, her decision to negotiate directly with the agency rather than file a Board appeal does not demonstrate good cause for an untimely filed appeal. *See Staton v. Department of Homeland Security*, 103 M.S.P.R. 318, ¶ 12 (2006).

¶9      To the extent that the appellant may be asserting that the agency's July 31, 2013 letter provided her an additional 30 days to file an appeal because she had participated in mediation, there is no evidence that the agency and the appellant mutually agreed in writing to attempt to resolve this matter through an alternative resolution process prior to her filing her appeal with the Board. The fact that the appellant agreed in writing to attempt to resolve her EEO complaint through mediation is unrelated to her having entered into a written agreement to resolve the July 31, 2013 denial of her request for restoration following her partial recovery from a compensable injury. Thus, the appellant has shown no circumstances beyond her control that prevented her from complying with the time limit or that unavoidable casualty or misfortune prevented her from complying with the filing time limit. After considering the appellant's arguments on review, along with her arguments and submissions below, we find that she has failed to establish good cause for the untimely filing of her appeal. Accordingly, we find that the administrative judge correctly dismissed the appeal as untimely filed.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.